| | |
|---|---|
| GENEVIEVE DERBES | NO._____ DIV./SEC._____ |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| TRISURA SPECIALTY INSURANCE COMPANY; BLACK SAIL HOLDINGS CORP.; AND LESTER CALTON | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## PETITION FOR DAMAGES

The petition of Genevieve Derbes, of legal age and a resident domiciliary of the State of Louisiana, respectfully represents:

1.

Made defendants herein are the following:

A. Trisura Speciality Insurance Company, a foreign insurer organized under the laws of, and with its principal place of business in, the State of Oklahoma, which is authorized to do and is doing business in the State of Louisiana;

B. Black Sail Holdings Corp, a foreign corporation organized under the laws of, and with its principal place of business in, the State of Texas, which is not authorized to do but is nevertheless doing business in the State of Louisiana; and

C. Lester Calton, of legal age and a resident domiciliary of the State of Texas.

2.

On or about May 10, 2022, at approximately 2:10 p.m., a wreck occurred on I-10 eastbound near Washington Street in East Baton Rouge Parish, State of Louisiana, when a tractor/trailer owned by Black Sail Holdings Corp. and being permissively operated by Lester Calton rear-ended a 2011 Nissan Altima owned and being operated by Genevieve Derbes.

3.

At the time of the wreck, Lester Calton was operating the 18-wheeler tractor/trailer in the course and scope of his employment with Black Sail Holdings Corp., rendering said employer legally responsible for its employee's fault pursuant to the doctrine of *respondeat superior*.

4.

The wreck, injuries and damages were caused by the fault of Lester Calton, which fault consisted more particularly, but not exclusively, of his:

A. Violations of the Louisiana Highway Regulatory Act;

    B.    Striking the rear of a lawfully proceeding vehicle;

    C.    Following too closely;

    D.    Failing to yield;

    E.    Driving too fast under the existing driving conditions;

    F.    Failing to maintain a proper lookout; and

    G.    Generally failing to exercise the required degree of care commensurate with the existing driving conditions.

5.

Additionally, or in the alternative, a cause of the wreck, injuries and damages was the fault of Black Sail Holdings Corp. for its negligent hiring, training, and/or supervision of its employee, Lester Calton, and/or for entrusting the vehicle to him.

6.

At the time of the wreck, there was in full force and effect one or more policies of liability insurance issued by Trisura Specialty Insurance Company affording coverage for liability of the nature asserted herein to the benefit of plaintiff, entitling her to maintain this Direct Action against said insurer and rendering said insurer solidarily liable with its insureds, Black Sail Holdings Corp. and Lester Calton.

7.

As a result of the wreck, Genevieve Derbes sustained property damage to her vehicle and personal injuries, including to her neck, back, and head, which have caused and will continue to cause her pain and suffering, mental anguish and distress, and loss of enjoyment of life, medical expenses, and loss of earnings and earning capacity, and for which the defendants are solidarily liable to the extent provided by law.

8.

Additionally, Trisura Specialty Insurance Company did not initiate loss adjustment of plaintiff's property damage claim within 14 days after notification of the loss by the plaintiff in violation of law, including La. R.S. 22:1892(A)(3), subjecting said insurer to the penalties provided by law, including La. R.S. 22:1973.

9.

Additionally, Trisura Specialty Insurance Company also failed to make a written offer to settle plaintiff's property damage claim within 30 days after receipt of satisfactory proof of loss of that claim in violation of law, including La. R.S. 22:1892(A)(4), subjecting said insurer to the penalties, attorney's fees, and costs, in addition to the amount of the loss, as provided by law, including La. R.S. 22:1892(B)(1), because said failure was arbitrary, capricious, or without probable cause.

10.

Additionally, as a direct consequence of the loss and the insurer's arbitrary, capricious, or without probable cause inactions, plaintiff has been deprived of use of her vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, rendering the insurer responsible for reasonable expenses incurred by plaintiff in obtaining alternative transportation for the entire period of time during which she is without the use of her vehicle, in addition to a reasonable penalty not to exceed ten percent of such reasonable expenses or one thousand dollars whichever is greater together with reasonable attorneys fees for the collection of such expenses.

11.

Plaintiff is entitled to recover all damages as are reasonable in the premises, in addition to statutory penalties, reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, plaintiff, Genevieve Derbes, prays that after due proceedings are had, there be judgment in her favor and against defendants, Trisura Specialty Insurance Company, Black Sail Holdings Corp., and Lester Calton, for all damages, penalties and attorney's fees as are reasonable in the premises, which exceed the requisite amount for the exercise of diversity jurisdiction, together with legal interest on all sums awarded from date of judicial demand (until paid), and casting defendants with all costs of these proceedings, including legal interest thereon from date incurred (until paid).

Respectfully submitted by
Attorneys for Plaintiff:

By: _____

Kirk A. Guidry, Sr., La. Bar Roll #20842
B. Scott Andrews, La. Bar Roll #24280
C. Scott Courrege, La. Bar Roll #37991
**DUÉ GUIDRY PIEDRAHITA ANDREWS L.C.**
8201 Jefferson Highway
Baton Rouge, Louisiana 70809
Tel: (225) 929-7481
Fax: (225) 924-4519
sandrews@dueguidry.com

Joseph E. Windmeyer, Jr., La. Bar Roll #26554
**WINDMEYER LAW FIRM, LLC**
2313 N. Hullen Street
Metairie, Louisiana 70001
Tel: (504) 833-0782
Fax: (504) 833-0936

**SERVICE INFORMATION:**

Please serve **Trisura Specialty Insurance Company**, through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

Serve **Black Sail Holdings Corp**, through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809, via the Louisiana Non-Resident Motorist Statute. The last known address, as listed in the accident report filed with the department by the law enforcement officer who responded to the accident is 250 ED English Dr, Suite E, Shenandoah, Texas 77385.

Serve **Lester Calton**, through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809, via the Louisiana Non-Resident Motorist Statute. The last known address, as listed in the accident report filed with the department by the law enforcement officer who responded to the accident is 5923 Kenilwood Dr, Houston, Texas 77033.